# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Brandon D. Bowers,    #2000-275 | |
| *Plaintiff* | Civil Action Number: |
| v. | _____ |
| William Benchtold (Warden), | (To be filled by Clerk's Office) |
| Michelle Weller (Dep. Warden), | |
| Justin M. Lensbower (Health Admin.), | |
| Jessica Sterner (CTS Supervisor), | (___) No Jury Trial Demanded |
| Unknown Kneal (Dentist), | ( X ) Jury Trial Demanded |
| *Defendant(s)* | |

FILED
HARRISBURG, PA
JAN 09 2023
PER_____S H_____
DEPUTY CLERK

## I.   Nature of Complaint

( X )   This is a Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendant(s))

## II.   Addresses and Information

### A.   Plaintiff
Name: Brandon D. Bowers
Inmate Number: #2000-275
Place of Confinement: Franklin County Jail
Address: 1804 Opportunity Avenue
City, State, Zip Code (County): Chambersburg, PA 17201 (Franklin County)

### B.   Defendant(s)
1.) Name (Last, First): Benchtold, William
Current Job Title: Warden of Franklin County Jail
Address: 1804 Opportunity Avenue
City, State, Zip Code (County): Chambersburg, PA 17201 (Franklin County)

2.) Name (Last, First): Weller, Michelle
Current Job Title: Deputy Warden of Franklin County Jail
Address: 1804 Opportunity Avenue

City, State, Zip Code (County): Chambersburg, PA 17201 (Franklin County)

 3.) Name (Last, First): Lensbower, Justin
 Current Job Title: Health Services Administrator of Franklin County Jail
 Address: 1804 Opportunity Avenue
 City, State, Zip Code (County): Chambersburg, PA 17201 (Franklin County)

 4.) Name (Last, First): Sterner, Jessica
 Current Job Title: CTS Supervisor of Franklin County Jail
 Address: 1804 Opportunity Avenue
 City, State, Zip Code (County): Chambersburg, PA 17201 (Franklin County)

 5.) Name (Last, First): Kneal, Unknown (Full Name Upon Discovery)
 Current Job Title: Dentist of Franklin County Jail
 Address: 1804 Opportunity Avenue
 City, State, Zip Code (County): Chambersburg, PA 17201 (Franklin County)

## III. Statement of Facts from the Plaintiffs Perspective

1.) The plaintiff is currently a pretrial detainee incarcerated at Franklin County Jail in Chambersburg, Pennsylvania.

2.) As an incarcerated individual, the plaintiff has no access to medical and dental services short of what the Jail provides its inmates. The plaintiff is subject to the treatment of the facilities personel with limited remedial opportunity to seek outside care.

3.) The plaintiff has been incarcerated at the facility for about 3 years starting on 2/13/20 and has not had access to an outside facility to provide him dental or medical care since the beginning of his incarceration.

4.) Since the beginning of his incarceration, the plaintiff has attempted to receive appropriate dental care from the Facility to no avail. He has submitted multiple requests, greivances, and medical calls (each of which has costed the plaintiff $10 individually, regardless of the refusal of treatment by FCJ's personel). All of his submissions have been ignored or rejected on multiple levels and the plaintiff has exhausted all other remedies. This civil rights action follows as a result.

5.) The plaintiff, since 12/31/2020 has submitted grievances over the refusal of FCJ to provide adequate dental care which have been categorically denied by the facility. Since Franklin County Jail provides their own grievance system, there is no outside oversight of the facilities decisions. The plaintiff has gone through every step of the grievance process offered by Franklin County Jail with no success. The plaintiff has saved the documentation he has had access to (FCJ has 2 different grievance possibilities - either physical paper or through the tablet system) and has been denied copies of those

grievances by Franklin County Jail's administration. The plaintiff was explicitly told, "That we will not give you those grievances unless we are supeonaed by the court." To the plaintiff this shows willful hinderance of the judicial process against the plaintiff pre-complaint; the facility knows that what it is doing is wrong but does not care to change their policy to help inmates and is willing to go to extended measures to prevent inmates from recieving appropriate care.

6.) When the plaintiff first entered Franklin County Jail's custody, he went to see the dentist and was told by the dentist that he had "maybe 3 cavities on his molars". The plaintiff asked if the dentist could fill these molars but was simply told that Franklin County Jail "doesn't do that". The plaintiff asked what other options that he had in regards to the cavities but was denied any other options. The plaintiff was NOT told why he could not have any other care, and was charged for the dental visit - despite no actual work being done. It would appear that Franklin County Jail has a history of charging all the inmates for all of the dental and medical visits *regardless* of whether work is actually done or not.

7.) After being denied dental care on 12/31/2020, the plaintiff asked repeatedly over the course of about a year for fillings and cleanings of his teeth so that they would not worsen in their condition during the plaintiffs incarceration. The facility once again, charged the plaintiffs account for each of these visits (State the amount of visits/requests paid for) but provided no actual care, simply telling the plaintiff that they did not do fillings and cleanings. The plaintiff once again asked at every one of these visits, if he could have some kind of outside care to take care of his dental problems. The plaintiff was answered in the negative and denied any ability to seek outside assistance.

8.) In about June of 2022 the plaintiff submitted another dental request because one of his same teeth had began to hurt worse than normal. When the dentist saw the plaintiff he decided that he had to pull the tooth and administer antibiotics for an infection that had developed. The plaintiff lost his tooth permanantly and needlessly, because he wasn't given access to adequate dental care when it would have been appropriate. The plaintiffs extensive and documented history of attempting to recieve basic dental care should be enough to show that he required basic dental operations, and was ignored by the facilities administration and abused by their current dental protocols.

### Exact Timeline of Plaintiffs Submissions to FCJ's administration:

1.) This list of submissions is NOT exact and may be missing entries. The plaintiff is supplying what little information he has had access to, to the court. These entries are not complete in detail and are intended to supply the court and the defense that the **Fed. Rules of Civil Procedure Title 42 Chapter 21 § 1997e** are being followed by the plaintiff.

2.) On 9/9/20 the plaintiff submitted Electronic Request Form # 098118543 which asked for dental care. The request form was denied and the plaintiff was asked to submit a $10.00 sick call.

3.) On 9/15/20 the plaintiff submitted Electronic Request Form # 101805913 which asked for

dental care. The request form was denied and the plaintiff was asked to submit a grievance.

4.) On 12/31/20 the plaintiff was brought to see the facilities dentist where he was denied dental care that the facility apparently didn't offer. This visit costed the plaintiff another $10.00 despite no work being done.

5.) On 1/2/21 the plaintiff submitted a Paper Grievance Form # 21-00004 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call.

6.) On 1/22/21 the plaintiff submitted step 1 of that same Paper Grievance Form # 21-00004 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call.

7.) On 2/5/21 the plaintiff submitted step 2 of that same Paper Grievance Form # 21-00004 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call.

8.) On 2/9/21 the plaintiff submitted step 3 of that same Paper Grievance Form # 21-00004 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call. At this point the form had been completely exhausted.

9.) On 2/23/22 the plaintiff submitted a paper request form which asked for a toothbrush, toothpaste, and floss. The request was partially accepted and the plaintiff was given a toothbrush and toothpaste.

10.) On 3/28/22 the plaintiff submitted a Paper Request Form which asked for dental care. The request form was denied and the plaintiff was asked to submit a $10.00 sick call.

11.) On 4/15/22 the plaintiff submitted Electronic Grievance Form # 173978472 which asked for dental care. The grievance was denied and the plaintiff never followed through the rest of the steps.

12.) On 6/6/22 the plaintiff submitted Electronic Grievance Form # 182658312 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call.

13.) On 6/20/22 the plaintiff submitted step 1 of that same Electronic Grievance Form # 182658312 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call.

14.) On 6/30/22 the plaintiff submitted step 2 of that same Electronic Grievance Form # 182658312 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call.

15.) On 7/27/22 the plaintiff submitted step 3 of that same Electronic Grievance Form # 182658312

which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call. At this point the form had been completely exhausted.

16.) On 6/14/22 the plaintiff submitted Electronic Grievance Form # 184040522 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call.

17.) On 6/28/22 the plaintiff submitted step 1 of that same Electronic Grievance Form # 184040522 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call.

18.) On 7/1/22 the plaintiff submitted step 2 of that same Electronic Grievance Form # 184040522 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call.

19.) On 7/27/22 the plaintiff submitted step 3 of that same Electronic Grievance Form # 184040522 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call. At this point the form had been completely exhausted.

20.) On 6/14/22 the plaintiff submitted Electronic Grievance Form # 183760252 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call.

21.) On 6/28/22 the plaintiff submitted step 1 of that same Electronic Grievance Form # 183760252 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call.

22.) On 7/1/22 the plaintiff submitted step 2 of that same Electronic Grievance Form # 183760252 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call.

23.) On 7/27/22 the plaintiff submitted step 3 of that same Electronic Grievance Form # 183760252 which asked for dental care. The greivance form was denied and the plaintiff was asked to submit a $10.00 sick call. At this point the form had been completely exhausted.

24.) Plaintiff can attest to more entries, however the admininistration has been non-compliant in granting the plaintiff his previously submitted documents. The plaintiff was even told that he wouldn't get them unless the facility was subpeona'd. The plaintiff avers that this shows a willful contempt towards the plaintiff in regards to due process; the administration knows what they are doing and are willing to oppress any who dares to question their motiffs or conduct.

## IV.   Legal Claims

1.) Franklin County Jail, its administration, and their dentist is currently in violation of **USCS Title 15**

**Chapter 22 § 1125(a)(1)(A)** in relation to "False designations of origin, false descriptions, and dilution forbidden" which states:

> "(a) Civil action.
>
>> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>>
>>> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or [...]
>>
>> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

The administration currently complicit in misleading their inmate population into believing that the dental services offered at the jail are complete in nature, certified, and adequate. As **USCS Title 15 Chapter 22 § 1125 (2)** states, "As used in this subsection, the term "any person" includes any State, [...] or employee of a State [...] Any State, and any such instrumentality, officer, or employee, shall be subject to the provisions of this Act in the same manner and to the same extent as any nongovernmental entity." the individuals that this suit is alleged against are included within this statute and subject to its ruling.

2.) Franklin County Jail, its administration, and their dentist is currently in violation of **USCS 15 Chapter 2 § 45(a)(1)** which states:

> "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."

Franklin County Jail is currently complicit in unfair and deceptive practices against the plaintiff and their inmate population by limiting them to only one dentist that *cannot* or *will not* provide adequate dental treaments except in the singular cases of a required tooth extraction. The administration is also complicit in the obtainment of fees for this inadequate work. The jail has misled multiple inmates into purchasing "sick calls" that provide no actual dental care that charge them regardless of their satisfaction of the services offered.

3.) Franklin County Jail, its administration, and their dentist is currently in violation of **USCS TITLE 15 CHAPTER 2 § 52** in relation to the dissemination of false advertisements as their inmate handbook explicitly states in the handbook that they distribute to inmates both electronically and physically:

"**109:  Dental Treatment**
To request dental services you will need to submit a Sick Call form. You will then be placed on the Dental Call list. You will be charged $10.00 when seen by the Dentist."

This section in the handbook refers to a "Dentist" and his offered "dental services". Since the dentist does not actually offer those services, the distribution of this information is verifiably false and should be subject to **USCS 15 Chapter 2 § 52** and **USCS 15 Chapter 2 § 55 (Definitions)** respectively. In addition, **USCS 15 Chapter 2 § 54(a)** provides sanctions to those who violate **USCS 15 Chapter 2 § 52(a)** and should be applied to the defendants as such from this point forward. (see more at relief section)

4.) Franklin County Jail, its administration, and their dentist is in violation of **73 P.S. Chapter 4 §§ 201-3(a)** which states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by subclauses (i) through (xxi) of clause 4 of section two of this act and regulations promulgated under section 3.1 of this act are hereby declared unlawful." and is supported by subclauses **73 P.S. §§ 201-2(4) (ii), (v), (ix), (xv), and (xvi)** which states:

> "'Unfair methods of competition' and 'unfair or deceptive acts or practices' mean any one or more of the following:
> [...]
> **(ii)** Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
> [...]
> **(v)** Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;
> [...]
> **(ix)** Advertising goods or services with intent not to sell them as advertised;
> [...]
> **(xv)** Knowingly misrepresenting that services, replacements or repairs are needed if they are not needed;
> **(xvi)** Making repairs, improvements or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of that agreed to in writing;"

Franklin County Jail is violating **§ 201-2(4)(ii)** because their inmate handbook suggests that the dental services offered for inmates is by an actual dentist. There is no way for an inmate to obtain the credentials of the supposed dentist and the supposed dentist does not do the typical treatments that normally are associated with a certified dentist. This has caused confusion among the inmate population by tricking them into believing they will get adequate treatment when they submit a $10(ea) dental call. Franklin County Jail is violating **§ 201-2(4)(v)** because they represent that their dental services have the sponsorship of an actual dentist. There is absolutely no information for the

inmate to access that informs him of what actual services are given by this 'dentist' and what, if any credentials he has. It simply states that the services offered are by a 'dentist' which suggests certification but does not provide inmates identifiable proof of that certification. Franklin County Jail is violating § 201-2(4)(ix) because they are advertising that dental services are given at the facility when they are actually not. Franklin County Jail is violating § 201-2(4)(xv) because the supposed dentist has told many inmates that they need their teeth pulled when in fact, they could be filled and saved for many years after. This has allowed the dentist to continue using only this operation, instead of other operations typical to a dentist. This has lessened the burden of the dentists duties at the expense of the inmates dental health and has been achieved using misrepresentation. Franklin County Jail is violating § 201-2(4)(xvi) as the dentist has repeatedly completed the only operation he has shown he knows how: tooth extraction. These 'repairs' to inmates mouths have had inferior and very real consequences on the inmates lives. When teeth could have been saved by a simple dental operation completed all over the world, the facilities 'dentist' demanded that the inmates tooth be pulled because he "doesn't do fillings here". This has left the plaintiff with the only choice of getting a tooth extracted to relieve his symptoms, at a permanant cost to the inmate. The facility has milked the plaintiff and the inmate population of an untold amount of money over these and potentially other deceptive practices.

5.) The plaintiff beleives that the current administration at Franklin County Jail is either knowingly or unknowingly engaged in a violation of **USCS Title 15 Chapter 1 § 13 (a)** "Discrimination in price, services, or facilities" with regards to the Clayton Act and the Federal Trade Commission. One section of this statute states that:

> "It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, [...] to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination [...]"

The facility is currently preventing its inmates access to any other dental care other than what they offer, and enjoying the benefits of the discrimination by not having to produce adequate service and profitting off of the inadequate and less demanding service that they do provide. Whether they are doing this on purpose or by mistake is immatterial at best and at worst, criminal. The dentist knows that his position is untouchable by the inmates, but the inmates have no alternative but him. The administration is in cooperation with the dentist to provide this type of atmosphere. Both the administation and the dentist are recipients of the profits they recieve for these inadequate services.

6.) The plaintiff states that the Franklin County Jail, its administration, and their dentist is currently in violation of his **U.S. Constitutional Amendment 8** rights, specifically that of "Excessive bail shall not be required, *nor cruel and unusual punishments inflicted.*" The facility has subjected the plaintiff to cruel and unusual punishment by denying him adequate care for ongoing complications with his teeth. The plaintiff has had to wait, and still continues waiting for an actual dentist to fix the problems in his teeth and because the jail will not offer these services, nor allow an alternative the plaintiff suffers daily pain as a result. In addition, the jail subjected the plaintiff to an unnecessary infection and

subsequent operation on his tooth which was unduly cruel and inflicted by the administrations indifference.

7.) Similar to the previous paragraph, the plaintiff states that the Franklin County Jail, its administration, and their dentist is currently in violation of his **P.A. Constitutional Amendment § 13** rights, specifically that of "Excessive bail shall not be required, [...] *nor cruel and unusual punishments inflicted*." The facility has subjected the plaintiff to cruel and unusual punishment by denying him adequate care for ongoing complications with his teeth. The plaintiff has had to wait, and still continues waiting for an actual dentist to fix the problems in his teeth - the jail will not offer these services and so the plaintiff has daily pain as a result. In addition, the jail subjected the plaintiff to an unnecessary infection and operation on his tooth which was unduly cruel and inflicted both by indifference and subsequently purpose.

8.) Franklin County Jail is violating the plaintiffs **P.A. Constitutional Amendment § 26** rights namely that of "Neither the Commonwealth nor [...] shall deny to any person the enjoyment of any civil right [...]". Currently the employees of the Commonwealth are subjecting the plaintiff to a violation of his **U.S. Constitutional Amendment 8** and **P.A. Constitutional Amendment § 13** civil rights as the plaintiff has not been able to enjoy the absence of cruel and unusual punishment stated in these amendments.

9.) Under **USCS 15 Chapter 2 § 54(a)** the defendants should be given penalties for their violation of **USCS 15 Chapter 2 § 52(a)** relating to the "Dissemination of false advertisements". The statute states:

> "(a) Imposition of penalties. Any person, partnership, or corporation who violates any provision of section 12(a) [15 USCS § 52(a)] shall, if the use of the commodity advertised may be injurious to health because of results from such use under the conditions prescribed in the advertisement thereof, or under such conditions as are customary or usual, or if such violation is with intent to defraud or mislead, be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than $5,000 or by imprisonment for not more than six months, or by both such fine and imprisonment; except that if the conviction is for a violation committed after a first conviction of such person, partnership, or corporation, for any violation of such section, punishment shall be by a fine of not more than $10,000 or by imprisonment for not more than one year, or by both such fine and imprisonment: [...]"

The defendants *should* be subject to this statute.

10.) Under **73 P.S. Chapter 4 §§ 201-4** which states:

> "Whenever the Attorney General or District Attorney has reason to believe that any person is using or is about to use any method, act or practice declared by section 3 of this act to be unlawful, and that proceedings would be in the public

> interest, he may bring an action in the name of the Commonwealth against such person to restrain by temporary or permanant injunction the use of such method, act or practice. "

the defendants should be restrained from continuing the current injustice against their inmates.

11.) When referencing case law, the plaintiff suggests the court read **Banes v. Government of Virgin Islands, 415 F. Supp. 1218, 1235 (D.V.I. 1976)** where it was determined that "some minimal level of dental care is constitutionally required." although in **Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002)** the court found that the "lack of routine teeth cleaing does not violate the eighth amendment, at least where doctor[s] refers patient to dental hygienist when peridontal disease requires it." The plaintiff is not just simply asking for a teeth cleaning. He is and has been asking repeatedly for cavity fillings to relieve his constant tooth pain but has been denied at every level. The facilities normal response to a tooth that needs filled is to give the inmate 5 days of ibuprofen or tylenol which expires at the end of those 5 days. The inmate, if he determines that he needs more pain relief will be required to submit *another* $10 sick call just to be denied a filling again, and given ibuprofen. This effectively discourages the inmate from submitting sick calls to seek relief and repeatedly charges their accounts despite no work being done to help them. The simple action of the dentist telling the inmate that he doesn't do fillings is a verfiable case of "deliberate indifference to the serious medical needs of prisoners" **Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).** It has been well established in case law that cavities resulting in great pain and trouble eating, represents a serious medical need. **Chance v. Armstrong, 143 F.3d 698 (2d Cir. 1999)** This is even excluding the fact that the plaintiff was denied *repeatedly* over the course of more than a year for adequate dental care. Even if the defense tries to supply the argument that they weren't deliberately indifferent and were at the *most* negligent, it has been determined already that a prison doctor's repeated negligence *can* establish deliberate indifference. **Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994)** The plaintiff still continues to suffer from an ailment that prevents him from eating correctly, bleeds, became infected from the facilities deliberate indifference, and more.

## V.   Injury

1.) The plaintiff suffered a needless infection in his gums and was required to take previously un-needed and powerful medication to alleviate his symptoms.

2.) The plaintiff had to undergo a molar extraction on a tooth that was determined by that same dentist a year ago, that needed to be filled, NOT extracted. That molar is now permanantly gone as a result of this indifference and the plaintiff has been needlessly subjected to the permanant loss of this tooth.

3.) The plaintiff has suffered further tooth degradation on his remaining teeth as a result of the indifference shown by the dentist and the administration, despite correctly using all of the utensils and objects afforded to him by the facility to care for his teeth. This degradation is permanant and

irreversible, and is a direct result of the indifference of Franklin County Jail's administration and their dentist.

4.) The plaintiff has suffered unnecessary mental anguish, stress, and frustration over the entire course of his incarceration because of these issues and the policies created by Franklin County Jail's administration. Despite trying to seek the best treatment possible, he has been frustratingly denied adequate treatment for 2 almost 3, years.

5.) The plaintiff has suffered unnecessary pain from his teeth over the course of his incarceration because they were not filled by a dentist and they hurt. If the plaintiff had access to outside care, he would have *gladly* paid for the services of a real dentist to repair his teeth as required to make them stop hurting, however the jail has denied him any other dental services outside of their specific dentist. The plaintiff has dealt with this pain without medication for over a year and will continue dealing with this pain if the defense does not provide adequate dental care.

6.) The plaintiffs teeth have deteriorated from the lack of care from being just a simple cavity with occasional pain, to something that bleeds, hurts daily, and carries a great risk of becoming infected. This is a direct result of the administration and the dentists deliberate indifference.

## VI. Relief Requested

1.) All court fees and costs as a result of this case paid by the defense (Including the inital $350 filling fee).

2.) For real dental care to be offered at Franklin County Jail for its inmates including actual dentistry procedures like fillings, cleanings, etc. (If the facility themselves cannot provide this care, then the plaintiff requests that the facility contact an outside source to provide this care for the inmates, even if it must be at a cost to the inmates.)

3.) State/Federal investigation into the monetary charging procedures of medical and dental requests to check if the system is currently being abused by the facility as a scheme to make money off of the misfortunes of its inmates and discouraging inmates to submit legitimate requests for their dental and medical needs.

4.) State/Federal investigation into the grievance system of Franklin County Jail.

5.) A one time State/Federal oversight into the practices and policies of Franklin County Jail in general.

6.) Franklin County Jail and its personel to give inmates access to all of their records without the need for the courts intervention.

7.) A refund of every Medical and Dental request submitted by the plaintiff, as the majority of every

single one of these concluded with no actual work being done but still charging the plaintiff for the 'services'.

8.) Punative damages to the plaintiff from all defendants individually in their willful indifference of his and other inmates dental hygiene and health.

9.) Punative damages to the plaintiff from all defendants individually for their part in systematically denying inmates adequate care through policy.

10.) The full cost of dental care received by the plaintiff before and after the conclusion of this case to repair the damage to the plaintiffs teeth as a result of the defendants refusal to provide adequate dental care in a timely manner.

11.) The plaintiff asks that the facility change their inmate handbook to alert their inmate population that the dentist is not a real dentist that provides real dental services like fillings and cleanings and to show what services are actually offered in the inmate handbook. There should also be documentation of the dentists credentials.

12.) Under **USCS 15 Chapter 2 § 54(a)** the defendants should be given penalties for their violation of **USCS 15 Chapter 2 § 52(a)** relating to the "Dissemination of false advertisements". The plaintiff wishes for these penalties to begin in effect.

13.) Although all of the defense is protected by **USCS 15 Chapter 1 § 36** from the recovery of damages as a result of their governmental employment status in relation to the Clayton Act, the plaintiff requests the defense to provide alternate dental treatment options for inmates if the jails dentist can't or won't perform the requested and required operations.

14.) Punative damages from all defendants for their cruel and unusual punishment inflicted upon the plaintiff.

15.) Punative damages for the physical and mental suffering the plaintiff sustained over the course of his incarceration as a result of the original un-needed operations, lack of treatment, and policies.

16.) If the 'dentist' offered at the facility is not an actual certified dentist, then the plaintiff asks that he be removed and a certified dentist to replace him.

17.) Physical copies of electronically submitted requests, grievances, and sick calls to be given to the inmates at the request of the inmates.

18.) The plaintiff asks that under **73 P.S. Chapter 4 §§ 201-4,** the District Attorney bring an action in the name of the Commonwealth against the defendant(s) to restrain them from continuing their unfair practices and force them through injunctive relief to offer appropriate dental care.

19.) The plaintiff asks for injunctive relief from the court to provide a real dentist that can provide full treatment options for the inmates at the facility. It does not matter to the plaintiff whether those options come at a cost to the facility or to the inmate; he simply wants care for his teeth as soon as possible.

20.) Injunctive relief that would relieve Franklin County Jail of their custodial duties in holding the plaintiff as an inmate.

21.) Injunctive relief to make everything mentioned above, to be applied for ALL inmates. (With the exception of what the court deems unnecessary.)

22.) Sanctions on the facility for every day this case is not concluded or settled.

23.) Punative damages awarded to plaintiff from each and every defendant for each day that this case is not concluded or settled.

## VII. Signature

By signing this complaint, the plaintiff represents to the court that the facts alleged are true and to the best of his knowledge are supported by evidence. These facts show a violation of law, and the plaintiff is not using the courts as a method to harrass any individual stated within these documents or any other improper purpose. The plaintiff is not using this court for anything other than seeking restitution for the injustices committed against him and his fellow inmates.

Local Rule of Court 83.18 requires that *pro se* plaintiffs keep the court informed of their current address. If the plaintiffs address changes while his lawsuit is being litigated, he will immediately inform the court of the change in writing. By signing and submitting this complaint form, the plaintiff agrees to provide the Clerk's Office with any changes to his address to where case-related papers may be served, and he acknowledges that his failure to maintain a current address on file with the Clerk's Office may warrant this case being dismissed even without his possible acknowledgment.

_____          11/30/22
Brandon D. Bowers                        Date

From:
Brandon Bowers
1804 Opportunity Ave.
Chambersburg Pa, 17201

To:
Clerk of Courts
United States District Court
228 Walnut Street P.O. Box 983
Harrisburg, PA 17108

*Clerk of Courts,*

    I am writing this letter to voice my concern of the actions (and/or the lack thereof) on the behalf of the Franklin County Jail in regards to attempting to recieve a list of transactions from my inmate account. I have had multiple issues stemming over multiple weeks attempting to get these records and have been impeded by the FCJ administration in obtaining these records specifically for the purpose of preventing me from submitting my 1983 Civil Suit. I am attempting to follow the specific part of the "In forma pauperis" paperwork that states:

> "If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months."

    however, I have been blocked and impeded in multiple ways. I formally requested this documentation on 11/28/22, then again on 12/6/22, and again on 12/9/22 only to be ignored. I even submitted a grievance (on 12/14/22) because of the administrations refusal to provide this documentation. The grievance has yet to be answered. For future reference you may consult the following records available to the jail's administration (but not to inmates):

- Electronic Request 215993132
- Electronic Request 217980752
- Electronic Request 218669472
- Electronic Grievance 219678812

    I am asking the court - that despite not being able to submit the "attached document of transactions" that they rule in favor of my 'In forma pauperis' status as the administration will not comply in regards to proof of my finances. I am submitting my 1983 form along with my "In forma pauperis" paperwork with the intent to have the suit filed immediately upon being granted "in forma pauperis" status. If there is any issues granting this request, I would ask the court to contact me at the earliest convience at the address listed above. Thank you.

-Brandon D. Bowers

*[signature]*

Brandon D. Bowers
Franklin County Jail
1804 Opportunity Ave.
Chambersburg Pa, 17201

Legal

**RECEIVED**
HARRISBURG, PA
JAN 09 2023
SH
PER _____
DEPUTY CLERK

Clerk of Courts
Office of the Clerk
United States Courthouse
United States District Court
228 Walnut Street P.O. Box 983
Harrisburg Pa, 17108

