IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON D. BOWERS,   : | |
|     Plaintiff    : | |
| : | No. 1:23-cv-00030 |
| v.    : | |
| : | (Judge Kane) |
| WILLIAM BENCHTOLD, et al.,   : | |
|     Defendants   : | |

**MEMORANDUM**

Before the Court is Defendants' motion to dismiss Plaintiff's amended complaint, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 19.) For the reasons set forth below, the Court will grant the motion.

I.   BACKGROUND

    A.   Procedural Background

Plaintiff Brandon D. Bowers ("Plaintiff"), who is proceeding pro se and in forma pauperis, is a state prisoner in the custody of the Pennsylvania Department of Corrections. He is currently incarcerated at State Correctional Institution Mahanoy in Frackville, Pennsylvania. On January 9, 2023, while he was incarcerated as a pretrial detainee at Franklin County Jail ("FCJ") in Chambersburg, Pennsylvania, he commenced the above-captioned action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"). (Doc. No. 1.)

In his complaint, Plaintiff names the following individuals as Defendants, all of whom worked at FCJ: (1) William Benchtold, the Warden; (2) Michelle Weller, the Deputy Warden; (3) Justin Lensbower, the Health Services Administrator; (4) Jessica Sterner, the "CTS" Supervisor; and (5) First Name Unknown Kneal, a dentist. (Id. at 1–2.) In addition, Plaintiff claims that, while he was incarcerated at FCJ, he did not receive adequate dental treatment. (Id.)

On March 9, 2023, the Court, inter alia, deemed Plaintiff's complaint filed and directed the Clerk of Court to serve a copy of the complaint on Defendants. (Doc. No. 6.) Additionally, in the interest of efficient administrative judicial economy, the Court requested that Defendants waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. (Id.) On March 14, 2023, counsel entered an appearance on behalf of Defendants Lensbower and Kneal and filed their waiver of service. (Doc. Nos. 8, 9.) And, on April 3, 2023, counsel entered an appearance on behalf of Defendants Benchtold, Sterner, and Weller and filed their waiver of service. (Doc. Nos. 10, 11.)

On April 17, 2023, Defendants Benchtold, Sterner, and Weller filed a motion to dismiss Plaintiff's complaint, along with a supporting brief. (Doc. Nos. 13, 14.) Thereafter, on May 8, 2023, Defendants Lensbower and Kneal filed a motion to dismiss, followed by a supporting brief. (Doc. Nos. 16, 17.) Rather than filing a response to either motion, Plaintiff filed an amended complaint on May 25, 2023. (Doc. No. 18.) In his amended complaint, Plaintiff names only Defendant Lensbower, Defendant Kneal, and "Unknown [D]efendants who may be identified in discovery[.]" (Id. at 2 (stating that the "Unknown [D]efendants" may "include any corporate entity that is contracted to provide dental care, or any person shown to be directly responsible for denying Plaintiff constitutionally adequate [d]ental care).)

Thus, unlike his complaint, Plaintiff does not name Defendants Benchtold, Weller, or Sterner in his amended complaint. See (id.). Instead, he seeks to voluntarily dismiss his Section 1983 claims against these defendants. (Id. (stating as follows: "Plaintiff voluntary [sic] dismisses claims against Defendants named in the original complaint, William Benchtold[,] Michelle Weller[,] and Jessica Sterner (without prejudice)").)

2

As a result, Defendants Benchtold, Weller, and Sterner have not filed a response to Plaintiff's amended complaint.  However, Defendants Lensbower and Defendant Kneal have filed a motion to dismiss and supporting brief.  (Doc. Nos. 19, 20.)  As reflected by the Court's docket, Plaintiff has not filed a response to their motion or sought an extension of time in which to do so.  Thus, Defendants Lensbower and Kneal's motion to dismiss Plaintiff's amended complaint is ripe for the Court's resolution.

B.   **Factual Background**

In his amended complaint, Plaintiff asserts the following allegations against Defendants Lensbower and Kneal.[1]  Plaintiff was a pretrial detainee at FCJ for a period of three (3) years. (Doc. No. 18 at 3.)  As a pretrial detainee, he "had no other ability, other than that provided by the contract employees of FCJ to seek [dental care treatment]." (Id.)  Plaintiff "consistently and constantly asked for preventive and maintenance care." (Id.)  However, Plaintiff was refused such care and was "offered only [an] extraction" in the event of "an emergency." (Id. (emphasis in original).)  This "refusal to provide care" resulted "in the loss of a tooth, infection[,] and serious tooth decay that has permanently affected [his] health and well[-]being[.]" (Id.)

In connection with these allegations, Plaintiff claims that Defendants Lensbower and Kneal violated his Eighth Amendment rights, as they were "the direct cause" of his injuries via their deliberate indifference to his serious medical needs. (Id. at 4.)  In support, Plaintiff asserts that they were responsible for his treatment and provision of care, which could have saved his

---

[1] In accordance with the legal standard set forth below, the Court accepts these allegations as true and draws all reasonable inferences therefrom in the light most favorable to Plaintiff.  See Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017).  In addition, the Court heeds the long-standing principle that pro se documents are "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Thus, Plaintiff's pro se complaint, "however inartfully pleaded," will be held to "less stringent standards than formal pleadings drafted by lawyers[.]"  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

tooth.  (Id.)  For relief, Plaintiff seeks damages, declaratory relief, "costs and recovery of attorney fees if applicable[,]" and any additional relief the Court deems appropriate.  (Id. at 5.)

## II.     LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible.  See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the United States Court of Appeals for the Third Circuit ("Third Circuit") has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Township, 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of pro se prisoner litigation, the court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  See Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

III. DISCUSSION

    A. **Plaintiff's Amended Complaint**

Plaintiff has filed his pro se amended complaint pursuant to the provisions of Section 1983. (Doc. No 18.) That statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983. Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." See id. (citation omitted).

Here, Plaintiff's amended complaint asserts a violation of the Eighth Amendment to the United States Constitution. (Doc. No. 18.) However, because Plaintiff alleges that he was a pretrial detainee at the time of the asserted violation (id. at 2, 3), his claim of inadequate medical care arises under the Fourteenth Amendment, not the Eighth Amendment. See Natale v. Camden County Corr. Facility, 318 F.3d 575, 581–82 (3d Cir. 2003).

Nevertheless, the United States Supreme Court has held that the Fourteenth Amendment affords pretrial detainees protections that are "'at least as great'" as those afforded to convicted prisoners under the Eighth Amendment. See id. at 581 (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). Thus, in the context of claims for inadequate medical care, the Third Circuit Court has "found no reason to apply a different standard than that set forth in

6

Estelle [v. Gamble, 429 U.S. 97 (1976)] (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment." See id. (citation omitted); Thomas v. City of Harrisburg, No. 21-2963, 2023 WL 8461096, at *3 n.23 (3d Cir. Dec. 6, 2023) (noting, in the context of claims for failure to provide medical care, that "the Fourteenth Amendment affords pretrial detainees protections at least as great as those available to inmates under the Eighth Amendment . . . ").

Accordingly, the Court analyzes Plaintiff's Fourteenth Amendment claim for inadequate medical care under the framework of the Eighth Amendment. See Natale, 318 F.3d at 582 (evaluating the pretrial detainee's "Fourteenth Amendment claim for inadequate medical care under the standard used to evaluate similar claims brought under the Eighth Amendment . . ."); Thomas, 2023 WL 8461096, at *3–5 (reviewing plaintiffs/appellees claims for failure to render medical care under the Fourteenth Amendment by applying the same standard used to review such claims brought under the Eighth Amendment).

That said, for Plaintiff to state a claim for inadequate medical care under the Eighth Amendment, he "must allege (1) a serious medical need and (2) acts or omissions by [individuals] that indicate a deliberate indifference to that need." See id. at *3 (footnote, citations, and internal quotation marks omitted)). "A serious medical need exists where 'failure to treat can be expected to lead to substantial and unnecessary suffering,' and a doctor has diagnosed the condition, or the need for treatment would be obvious to a lay person." See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991)). And, individuals "are deliberately indifferent to such needs

when they are actually aware of a substantial risk of serious harm and disregard that risk." See id. (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Here, Defendants Lensbower and Kneal argue that Plaintiff's amended complaint should be dismissed because it fails to plead that they were deliberately indifferent to a serious medical need. (Doc. Nos. 19, 20.) In support, they argue that "Plaintiff clearly received dental treatment" and that "he simply disagrees with the type of treatment he received." (Doc. No. 20 at 8.) In addition, they argue that the amended complaint fails to contain any allegations of personal involvement with respect to Defendant Lensbower. (Id.) As a result, they request that the Court grant their motion and dismiss Plaintiff's amended complaint "with prejudice." (Id.)

Plaintiff, as discussed above, has neither opposed Defendants' pending motion to dismiss, nor sought an extension of time in which to do so. Thus, under Local Rule 7.6 of the Court's Local Rules, Plaintiff is deemed not to oppose their motion. Indeed, Local Rule 7.6 provides, as follows:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion.

See M.D. Pa. L.R. 7.6 (emphasis added).

In addition to Plaintiff's failure to oppose Defendants' pending motion, the Court finds that his pleading fails to satisfy Rule 8 of the Federal Rules of Civil Procedure. Rule 8 governs the general rules of pleading, and it requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" See Fed. R. Civ. P. 8(a)(2). This short and plain statement must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which those claims rest. See Erickson v. Pardus, 551 U.S. 89, 93 (2007).

"In other words, a complaint must do more than allege the plaintiff's entitlement to relief[; it] has to show such an entitlement with its facts." Fowler, 578 F.3d at 211 (citation and internal quotation marks omitted). Under the pleading standard of Rule 8, "[t]he Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

Here, although Plaintiff's amended complaint generally asserts wrongdoing by Defendants Lensbower and Kneal, it does not provide supporting factual averments as to when, where, and how such alleged wrongdoing occurred. By way of example, Plaintiff's amended complaint does not include a single date or time with respect to any allegation, much less with respect to any allegation of wrongdoing by Defendants Lensbower and Kneal. And, by way of further example, Plaintiff's amended complaint does not specify where he had interactions with these Defendants or how those interactions occurred. For instance, Plaintiff's amended complaint does not explain whether he was seen or evaluated by Defendants in person, whether he simply wrote to Defendants seeking medical care for his dental condition, or whether he utilized some other form of communication.

Under federal pleading rules, it is insufficient for Plaintiff's amended complaint to simply assert that he is entitled to relief based upon Defendant Lensbower and Kneal's alleged refusal to provide care. (Doc. No. 18 at 3, 4.) Instead, Plaintiff must show, through factual averments in his pleading, when, where, and how their alleged failure to provide care occurred. Because Plaintiff has not made this showing here, the Court concludes that his amended complaint is subject to dismissal for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See Evancho, 423 F.3d at 353 (citation omitted) (stating that, under the pleading standard of Rule 8, "[t]he Third Circuit has held that a civil rights complaint is adequate where it states the

9

conduct, time, place, and persons responsible" (citations omitted)); see also Iqbal, 556 U.S. at 678 (explaining that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Fowler, 578 F.3d at 211 (providing that "a complaint must do more than allege the plaintiff's entitlement to relief[; it] has to show such an entitlement with its facts" (citation and internal quotation marks omitted)).  Accordingly, the Court will grant Defendants Lensbower and Kneal's motion to dismiss Plaintiff's amended complaint.[2]

### B.  Defendants Benchtold, Weller, and Sterner

As discussed above, Plaintiff does not name Defendants Benchtold, Weller, or Sterner in his amended complaint.  See (Doc. No. 18).  Instead, he seeks to voluntarily dismiss his Section 1983 claims against these defendants.  (Id. at 2 (stating as follows: "Plaintiff voluntary [sic] dismisses claims against Defendants named in the original complaint, William Benchtold[,] Michelle Weller[,] and Jessica Sterner (without prejudice)").)  In accordance with Plaintiff's request, the Court deems Plaintiff to have withdrawn his claims against Defendants Benchtold, Weller, and Sterner.

In addition, because Plaintiff is currently proceeding on an amended complaint, the Court will deny, as moot, Defendants Benchtold, Weller, and Sterner's motion to dismiss Plaintiff's complaint.  Finally, the Court will direct the Clerk of Court to terminate Defendants Benchtold, Weller, and Sterner from the caption of this case.

---

[2] Although Defendants Lensbower and Kneal did not assert this particular argument in moving for dismissal of Plaintiff's amended complaint (i.e., that Plaintiff's amended complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure), the Court notes that it has a continuing statutory obligation to conduct a review of pro se complaints brought by plaintiffs granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B).

### C.     Leave to Amend

The final issue before the Court is whether Plaintiff should be granted leave to amend his amended complaint against Defendants Lensbower and Kneal.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"  See id.  The Court may also deny leave to amend where the proposed amendment would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted."  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court cannot say that granting Plaintiff leave to amend would be futile and, thus, the Court will grant Plaintiff leave to file a second amended complaint in order to attempt to cure the deficiencies identified above.  Plaintiff is advised that his second amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the complaint, amended complaint, or any other document already filed.  His second amended complaint shall set forth the claims in short, concise, and

plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Finally, neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Defendants Lensbower and Kneal's motion to dismiss Plaintiff's amended complaint.  (Doc. No. 19.)  However, the Court will grant Plaintiff leave to file a second amended complaint.  An appropriate Order follows.


s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania